*Property of the People, Inc., et al. v. OMB*,
D.D.C. No. 1:17-cv-1677 (RC)

# Exhibit A

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PROPERTY OF THE PEOPLE, INC.,

and

RYAN NOAH SHAPIRO,

        Plaintiffs,

    v.

OFFICE OF MANAGEMENT AND
BUDGET,

        Defendant.

Case No. 17-cv-01677 (RC)

Second Declaration of Heather V. Walsh in
Support of Defendant's Motion for Summary
Judgment

I, Heather V. Walsh, make the following Declaration based on personal knowledge, information, and belief:

1. I currently serve as the Deputy General Counsel in the Office of Management and Budget's (OMB) Office of the General Counsel (OGC). Prior to this position, I was an Assistant General Counsel in this office and have worked in OMB's OGC since 2009.

2. The purpose of this Declaration is to supplement the description in my January 18, 2018, Declaration concerning the meetings that OMB withheld pursuant to the deliberative process privilege and the presidential communications privilege.

3. In asserting the presidential communications privilege in withholding certain entries appearing on Director Mulvaney's Microsoft Outlook calendar, OMB limited itself to specific criteria for when it would invoke the privilege. For calendar entries redacted under privilege group 'A' on the *Vaughn* index, OMB only redacted those entries in which (1) the President or Vice President attended the meeting; (2) the meeting took place in a location in which it would

1

be easily inferred that the President or Vice President was in attendance; or (3) the calendar entry reflected preparation for a meeting that fell under one of the previous two categories.

4.      For some calendar entries, OMB has invoked both the deliberative process and the presidential communications privileges.  For those entries, redacted under privilege groups 'A' and 'B', the meetings involved either the circumstances discussed in paragraph 3 or the participation of senior advisors to the President or Vice President, such as Assistants to the President.

5.      Those meetings that were withheld pursuant to the presidential communications privilege include instances in which Director Mulvaney either advised the President or Vice President directly or provided advice to other EOP officials who would use that information and analysis to inform their advice to the President.

6.      With regard to the calendar entry reflected at row 8 on the *Vaughn* index (Bates 0013 at 1:30 p.m.), OMB's invocation of the deliberative process privilege was made in spite of the fact that the subject matter of the meeting is not directly described in the calendar entry.  In that case, the names of the individuals with whom Director Mulvaney met were included in the calendar entry.  If the names of those individuals were released, the topic of the meeting would be easily ascertained given public, external events going on at the time the meeting occurred.

7.      OMB will be making an administrative release of portions of many deliberative entries (privilege group 'B') that reflect the location and inviter of certain meetings.  These releases will be made in those instances where this information would not reveal the otherwise deliberative nature of the calendar entry itself.  Further, without conceding its right to assert the privilege in the first instance, OMB will also be lifting the single redaction it previously asserted under the attorney-client privilege.

2

In accordance with 28 U.S.C § 1746, I hereby declare and affirm under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge and belief.

Executed at Washington, District of Columbia, this 22nd day of February, 2018.


Heather V. Walsh
Deputy General Counsel
Office of the General Counsel
Office of Management and Budget

3